UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICE DEPOT, INC., a corporation; and<br><br>SUPPORT.COM, INC., a corporation;<br><br>   Defendants. | **Case No. 9:19-cv-80431-RLR**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant Office Depot, Inc. ("Office Depot") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Office Depot participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with marketing and selling computer security or computer-related technical support services.

3. Office Depot neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Office Depot admits the facts

1

necessary to establish jurisdiction.

4.      Office Depot waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Office Depot waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Settling Defendant**" means Office Depot, Inc., and its successors and assigns.

B.      "**Electronic Device**" means any cell phone, handheld device, smartphone, tablet, laptop computer, desktop computer, or any other device on which a software program, code, script, or other content can be downloaded, installed, or run.

C.      "**Software Provider**" means any Person that, in exchange for consideration, provides diagnostic software services to Settling Defendant for purposes of facilitating a technical support repair sale to retail customers.

D.      "**Person**" means any natural person or entity, including but not limited to any individual, firm, corporation, company, partnership, association, trade association, business trust, public agency, department, bureau, board, or any other form of public, private or legal entity.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Settling Defendant, its officers, agents, and employees and all other Persons in active concert or participation with any of them, who receive actual notice of this Order,

whether acting directly or indirectly, in connection with promoting, providing, distributing, selling, or offering for sale a technical support good or service are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.      That they have detected security or performance issues on a consumer's Electronic Device, including viruses, infections, malware or symptoms of malware; or

B.      Any other fact material to consumers concerning such goods or services, such as their value or total costs, any material restrictions, limitations, or conditions, or any material aspect of the performance, efficacy, nature or central characteristics of such goods or services.

## II.     SOFTWARE PROVIDER REVIEW, TERMINATION AND RECORDKEEPING

IT IS FURTHER ORDERED that:

A.      Settling Defendant shall, within one hundred twenty (120) days of the date of entry of this Order, review whether each of Settling Defendant's existing Software Providers, in the course of acting as a Software Provider, engages in any conduct described in Section I of this Order.   If this review reveals that the Software Provider is engaging in any such conduct with respect to such services, Settling Defendant will immediately suspend services as necessary to stop such conduct, until further review establishes that the Software Provider is no longer engaging in any such conduct, or immediately terminate the Software Provider's provision of technical support goods and services.

B.      If Settling Defendant becomes aware of any evidence or information suggesting that a Software Provider, in the course of acting as a Software Provider, is engaging in any conduct described in Section I of this Order, Settling Defendant shall perform an additional review of the Software Provider within thirty (30) days.   If this review reveals that the Software Provider is

3

engaging in any such conduct with respect to such services, Settling Defendant will immediately suspend services as necessary to stop such conduct, until further review establishes that the Software Provider is no longer engaging in any such conduct, or immediately terminate the Software Provider's provision of technical support goods and services.

C.      Prior to entering into a business relationship with any prospective Software Provider, Settling Defendant shall conduct a review of whether the prospective Software Provider, in the course of providing technical support goods and services, has engaged, is engaging, or is likely to engage in any conduct described in Section I of this Order.  Settling Defendant will not establish a business relationship with the prospective Software Provider if this review concludes that the prospective Software Provider is engaging or is likely to engage in any conduct described in Section I of this Order.

D.      Reviewing a Software Provider, for the purposes of Paragraphs A - C, above, must include steps reasonably calculated to determine whether a Software Provider, in the course of providing technical support goods and services, engages in any conduct described in Section I of this Order. Such steps may include obtaining and reviewing the Software Provider's software, advertising and marketing materials, and consumer reviews, but need not include all of these steps.

E.      Settling Defendant shall create and maintain records of its reviews and any suspensions or terminations of the use or sale of technical support goods and services provided by each Software Provider, including documentation of the review process, procedures, and implementation, status, and outcome.

## III.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of twenty-five million dollars ($25,000,000) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

B. Settling Defendant is ordered to pay the amount in Subsection A to the Commission within 14 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IV.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Settling Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund

administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendant, its officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly from failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information in the possession of Settling Defendant related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VI.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtain acknowledgments of receipt of this Order:

A.  Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Settling Defendant must deliver a copy of this Order to:  (1) all principals, officers, and directors; (2) all upper-level management, including vice-presidents, division heads, merchants, and store managers, who have managerial responsibilities for the advertising, modification or operation of diagnostic software programs, for use with retail customers, that purport to detect security or performance issues on consumers' Electronic Devices; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the Commission:

A.      One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how

7

Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in: (a) any designated point of contact; or (b) the structure of Settling Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. Office Depot, Inc., et al.

## VIII.   RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant, in connection with marketing and selling computer security software or computer-related technical support services to retail customers, must create and retain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each Person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.	records of all consumer complaints concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

## IX.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring the Settling Defendant's compliance with this Order:

A.	Within 21 days of receipt of a written request from a representative of the Commission, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30

(including telephonic depositions), 31, 33, 34, 36, 45, and 69.  Provided, however, that Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.     For matters concerning this Order, the Commission is authorized to communicate directly with the Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with Settling Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of March, 2019.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

So Stipulated and agreed:

For Plaintiff:

Federal Trade Commission

Alden F. Abbott
General Counsel

*Claire Wack*                Date: 3/27/2019

Claire Wack, Attorney
Sung W. Kim, Attorney
Colleen Robbins, Attorney
Thomas Biesty, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2836; cwack@ftc.gov
202-326-2211; skim6@ftc.gov
202-326-2548; crobbins@ftc.gov
202-326-3196; tbiesty@ftc.gov

For Settling Defendant:

*William MacLeod*        Date: 2/18/19

William MacLeod, Esq.
Kelley Drye & Warren LLP
Washington Harbour
3050 K Street NW, Suite 400
Washington, DC 20007
COUNSEL for Office Depot, Inc.

SETTLING DEFENDANT:

*Katrina S. Lindsey*        Date: 2/18/19

Katrina S. Lindsey, Senior Vice President
Deputy General Counsel
Office Depot, Inc.

11